J-S90028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| AARON GARDNER | |
| Appellant | No. 1481 EDA 2016 |

Appeal from the Judgment of Sentence Dated April 8, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006452-2015

BEFORE: OTT, J., SOLANO, J., and JENKINS, J.

MEMORANDUM BY SOLANO, J.: **FILED DECEMBER 12, 2016**

Appellant Aaron Gardner appeals from the judgment of sentence of 2 to 5 years' incarceration, followed by 5 years' probation, imposed after he pled guilty to Criminal Solicitation[1] to commit Involuntary Deviate Sexual Intercourse with a complainant less than 16 years of age.[2] With this appeal, Appellant's counsel has filed a petition to withdraw and an ***Anders***[3] brief, stating that the appeal is wholly frivolous. After careful review, we affirm and grant counsel's petition to withdraw.

---

[1] 18 Pa.C.S. § 902.

[2] 18 Pa.C.S. § 3123(a)(7).

[3] ***Anders v. California***, 386 U.S. 738 (1967).

On August 12, 2015, Appellant was charged with Involuntary Deviate Sexual Intercourse (complainant less than 16 years of age) and related offenses. On March 14, 2016, the Commonwealth moved to amend Count I of the information to charge Appellant with Criminal Solicitation to commit Involuntary Deviate Sexual Intercourse. Appellant did not object to the amendment, and the trial court allowed it. Immediately thereafter, Appellant entered an open plea of guilty to Count I of the amended information. The Commonwealth withdrew the remaining charges pursuant to the plea. Trial Ct. Op., 7/12/16, at 1-2; N.T., 3/14/16, at 8-9.

On April 8, 2016, the trial court held a sentencing hearing, where it noted Appellant's criminal history score was zero and his offense gravity level was eleven. Consequently, the sentencing guidelines recommended a standard range sentence of 36-54 months' incarceration. N.T., 4/8/16, at 3-4. By way of mitigation, Appellant's counsel discussed Appellant's mental health issues, including bipolar disorder, schizophrenia, and depression, and noted Appellant's acceptance of responsibility. *Id*. at 4-8. Appellant's counsel requested a sentence that would allow Appellant "to get the treatment he needs" and stay close to his family. *Id.* at 9. The Commonwealth requested a sentence with a minimum period of incarceration no lower than the bottom of the standard guideline range of 36 months. *Id.* at 15.

At the end of the sentencing hearing, the trial court imposed a sentence of 2 to 5 years' incarceration, followed by 5 years' probation. The court explained its reasoning for imposing this sentence on the record as follows:

> Before this morning[,] I had an opportunity to review the presentence investigation as well as the diagnostic reports attached to the presentence investigation, notably the psychosexual evaluation from Dr. Surbeck as well as the psychological evaluation of Dr. Germadagez. Such is made part of the case record. Given my review of these materials, I think mitigation has been offered to the Court. Mr. Gardner has suffered from mental health challenges for an appreciable period of time. I was frankly somewhat surprised by the number of hospitalizations that he's had to date particularly given his age. I think somewhere these mental health challenges play the role in what brings Mr. Gardner to Court today. To what extent, I'm not certain. That's not my area of expertise. I'm also mindful that this is Mr. Gardner's first criminal Court contact, but recognize as I pointed out the guidelines do reflect a prior record score of zero, yet the sentencing commission has set a standard range of 36 to 54 months. I also think Mr. Gardner's in dire need of offense specific treatment. I think that treatment is going to be made a bit more of a challenge than perhaps usual because of the overlay of [] mental health issues that Mr. Gardner, unfortunately is going to be facing a multitask situation. He's going to have to deal with the mental health issue, stabilize the mental health issues and get those squared away as reasonably possible, probably before the offense specific treatment will be effective. While finding mitigation, I don't find that I've been presented that which would warrant a complete deviation from the guidelines. I'm also mindful of the difference between the offense specific treatment programs offered at Delaware County Prison and the state system, most notably the length. I think the length of that offered at the state level of the 18 months is more appropriate in these circumstances for the reasons indicated.

N.T., 4/8/16, at 20-21.

On April 15, 2016, while still represented by plea counsel, Appellant filed a *pro se* petition for reconsideration of sentence. On April 18, 2016, the trial court dismissed Appellant's petition because "a defendant's *pro se* lodging when represented of-record by an attorney is a legal nullity which a court cannot adjudicate." Order, 4/18/16, at 2 n.3 (citing **Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007), **appeal denied**, 936 A.2d 40 (Pa. 2007)).

On April 21, 2016, Appellant's plea counsel filed a petition to withdraw. At the hearing on that petition, Appellant stated that he did not object to the relief sought in plea counsel's petition, and the court granted it. N.T., 5/4/16, at 4-5.

On May 9, 2016, Appellant, represented by new counsel, filed a timely notice of appeal.[4] On May 11, 2016, the trial court ordered Appellant to file a Concise Statement of Matters Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On May 27, 2016, Appellant's counsel timely filed the following statement: "In accordance with

_____

[4] Regardless of whether Appellant's *pro se* motion for reconsideration of sentence tolled the time for filing a notice of appeal, the appeal was timely. At the earliest, Appellant was required to file a notice of appeal within 30 days of the imposition of sentence. **See** Pa.R.Crim.P. 720. May 8, 2016, the 30th day following the date of sentencing, was a Sunday. When computing a filing period, "[if] the last day of any such period shall fall on Saturday or Sunday . . . such day shall be omitted from the computation." 1 Pa.C.S. § 1908. Therefore, Appellant's notice of appeal, which was filed on Monday, May 9, was timely.

Pennsylvania Rule of Appellate Procedure 1925(c)(4), counsel informs the Court that he intends to file an *Anders* brief with the Superior Court." In its subsequent opinion, the trial court set forth the procedural history of the case and then stated, "After reviewing this matter's salient record and in light of defense counsel's stated intent to lodge an *Anders* brief with the Superior Court, further exposition by this court regarding Defendant Gardner's conviction is unnecessary." Trial Ct. Op. at 5 (footnote and citations omitted).

In the *Anders* brief, counsel raises a single issue for our review:

> Whether the prison term of 2 to 5 years is harsh and excessive under the circumstances?

*Anders* Brief at 1.

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010). An *Anders* brief shall comply with the requirements set forth by the Supreme Court of Pennsylvania in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009):

> [W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law,

and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361.

Counsel seeking to withdraw on direct appeal must meet the following obligations to his or her client:

Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief.

*Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (quoting *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004)). Finally, "this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote and citations omitted).

In this appeal, counsel's September 8, 2016 letter to Appellant indicates that counsel provided a copy of the *Anders* brief to Appellant and advised Appellant of his right to either retain new counsel or proceed *pro se*

on appeal, and to raise any issues he wished to bring to this Court's attention.[5] Further, counsel's **Anders** brief complies with prevailing law in that counsel has provided a procedural and factual summary of the case with references to the record. Counsel additionally advances relevant portions of the record that arguably support Appellant's claim on appeal. Ultimately, counsel cites his reasons and conclusion that this appeal is frivolous. **Anders** Brief at 4-7.

Appellant challenges the discretionary aspects of his sentence, which are not appealable as of right. **Commonwealth v. Colon**, 102 A.3d 1033, 1042 (Pa. Super. 2014), **appeal denied**, 109 A.3d 678 (Pa. 2015).[6] Before we exercise jurisdiction to reach the merits of Appellant's issue, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of an appeal with respect to the discretionary aspects of his sentence; and (4) whether the concise statement raises a substantial

---

[5] Appellant did not file an additional *pro se* or counseled brief with this Court.

[6] "Upon entry of a guilty plea, a defendant generally waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed. However, when the plea agreement is open, containing no bargain for a specific or stated term of sentence, the defendant will not be precluded from appealing the discretionary aspects of his sentence." **Commonwealth v. Guth**, 735 A.2d 709, 710 n.3 (Pa. Super.) (citations omitted), **appeal denied**, 743 A.2d 915 (Pa. 1999).

question regarding the sentence's impropriety under the Sentencing Code.

*Id.* at 1042-43 (citation omitted). Only if the appeal satisfies each of these four requirements may we proceed to decide the substantive merits of the case. *Id.* at 1043.

In the current case, Appellant filed a timely notice of appeal. He also filed a post-sentence motion seeking reconsideration of his sentence. Although he filed that *pro se* motion while represented by counsel, his attorney filed a motion to withdraw less than a week later and never filed a post-sentence motion on Appellant's behalf. Moreover, by the time of the hearing on counsel's motion to withdraw, the period for filing a post-sentence motion had expired. Under these circumstances, we decline to find waiver. *See Commonwealth v. Leatherby*, 116 A.3d 73, 79 (Pa. Super. 2015) (declining to find waiver where appellant filed *pro se* post-sentence motion, counsel did not file one, and court did not appoint new counsel until after deadline for filing post-sentence motion).

Additionally, counsel's *Anders* brief contains a concise statement of the reasons for which Appellant seeks allowance of an appeal, in compliance with Rule 2119(f) of the Rules of Appellate Procedure. *See Anders* Brief at 4-5.[7] The statement sets forth the claim that the sentence is "harsh and

---

[7] Although the statement is labeled "Petition for Allowance of Appeal from the Discretionary Aspects of the Judgement of Sentence," without reference
*(Footnote Continued Next Page)*

excessive under the circumstances." *Id.* at 4. As counsel recognizes, "[a] bald assertion that a sentence is 'harsh and excessive'" does not raise a substantial question. *Id.* (citing *Commonwealth v. Giordano*, 121 A.3d 998, 1008 (Pa. Super. 2015), *appeal denied*, 131 A.3d 490 (Pa. 2016)).[8] Appellant's statement therefore fails to raise a substantial question under our case law.

Even if Appellant had raised a substantial question, however, we would find his claim to be meritless. We apply the following standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014) (citation omitted), *appeal denied*, 117 A.3d 297 (Pa. 2015).

This Court has held that "where the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report, we will

*(Footnote Continued)* _____

to Rule 2119(f), we conclude that Appellant substantially complied with the rule. *See Commonwealth v. Ratushny*, 17 A.3d 1269, 1273 (Pa. Super. 2011) (finding substantial compliance although the statement was not labeled as a Rule 2119(f) statement).

[8] Counsel notes that a claim that a sentence is "so manifestly excessive as to constitute too severe a punishment" does raise a substantial question. Counsel concludes, however, "[t]hat is not the case here." *Anders* Brief at 5. We agree.

not consider the sentence excessive." *Commonwealth v. Corley*, 31 A.3d 293, 298 (Pa. Super. 2011); *see also Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) ("where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code").  Under such circumstances, "we can assume the sentencing court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.'" *Corley*, 31 A.3d at 298 (quoting *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)).

Here, Appellant's sentence is in the mitigated range of the Sentencing Guidelines.  Further, in imposing the sentence, the trial court considered a presentence report.  N.T. 4/8/16, at 20.  In light of these circumstances, we conclude that Appellant's sentence was not excessive.  *See Corley*, 31 A.3d at 298.

Based on the foregoing, we agree with appellate counsel that the sentencing issue raised by Appellant lacks merit.  In addition, we have reviewed the certified record consistent with *Flowers*, 113 A.3d at 1250, and have discovered no additional arguably meritorious issues. Accordingly, we grant appellate counsel's petition to withdraw and affirm the trial court's judgment of sentence.

Judgment of sentence affirmed.  Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/12/2016